IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-325-BO

R.A., a minor, by and through his )
Guardian, Steve Altes, on behalf of )
himself and all others )
similarly situated, )
                                          )
        Plaintiff, )
                                          )
v. )      O R D E R
                                          )
EPIC GAMES, INC., )
                                          )
        Defendant. )

This matter is before the Court on defendant's motion to dismiss for failure to state a claim. For the reasons discussed below, the motion [DE 55] is GRANTED.

## BACKGROUND

Defendant Epic Games is the developer of the popular videogame *Fortnite*. The company's principal place of business is Cary, North Carolina. Plaintiff is a minor and a California resident who played a specific version of the videogame called *Fortnite: Save the World*.

Players of *Fortnite: Save the World* can make in-game purchases of various products offered through the game. One specific product offered is called the "loot box." Each loot box contains a randomized assortment of items that can improve a player's chances at advancing in the videogame. Players do not know which specific items are inside a given loot box ahead of time, and so ultimately, players run a risk that they will be dissatisfied a box's contents.

The allegations in plaintiff's complaint relate to his purchase of loot boxes. Though plaintiff's complaint does not provide detail about his specific purchases or what was represented to him, the crux of his factual allegations is that defendant misrepresented the probability that the

loot boxes he purchased contained certain items. But for defendant's misrepresentations, plaintiff maintains he would not have purchased the loot boxes.

Plaintiff sued in the Central District of California, alleging violations of various state consumer protection statutes.

Defendant moved to compel arbitration to enforce an arbitration clause contained in a 2019 End User License Agreement ("EULA") agreed to by plaintiff in March 2019 as part of the terms of service. Defendant also moved, alternatively, to transfer the case to this district based on forum selection clauses in both the 2019 EULA and a 2017 EULA that plaintiff agreed to when he first downloaded the game.

Seeking to avoid arbitration and venue transfer, plaintiff purported to disaffirm both EULAs, citing his minor status. The California court gave effect to plaintiff's disaffirmance of the 2019 EULA. The court then transferred the case here on a traditional 28 U.S.C. § 1404(a) analysis without deciding whether plaintiff had effectively disaffirmed the 2017 EULA.

Plaintiff maintains his disaffirmance of the 2017 EULA. Defendant accepted this disaffirmance and has offered to refund any money paid by plaintiff. Defendant moves to dismiss the case on various grounds, including that plaintiff's disaffirmance ends the case.

## DISCUSSION

When venue is transferred pursuant to § 1404(a), the transferee court must apply the laws of the state of the transferor court. *See Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990). This includes the transferor court's choice of law principles. *Id.* The district court in California, using California choice of law principles, determined that California law governed the issue of plaintiff's disaffirmance. *R.A. v. Epic Games, Inc.*, 2019 WL 6792801, at *5 (C.D. Cal. July 30, 2019). Accordingly, this Court will apply the same.

2

A minor may disaffirm a contract by any act "disclosing an unequivocal intent to repudiate its binding force and effect." *Spencer v. Collins*, 156 Cal. 298, 303 (1909). A minor seeking to disaffirm "must disaffirm the entire contract, not just the irksome portions." *Holland v. Universal Underwriters Ins. Co.*, 270 Cal. App. 2d 417, 421 (1969). Disaffirmance has the effect of rescission and renders the contract a "nullity[.]" *Scollan v. Gov't Emp. Ins. Co.*, 222 Cal. App. 2d 181, 183 (1963). Because disaffirmation arises in equity, "the trial court is vested with a broad discretion to see that equity is done." *Le Baron v. Berryessa Cattle Co.*, 78 Cal. App. 536, 548 (1926).

Here, plaintiff unambiguously maintains his position that he disaffirms the 2017 EULA. The Court recognizes this disaffirmance and finds that plaintiff has effectively disaffirmed the 2017 EULA.

The 2017 EULA established the terms of service that governed the parties' relationship, including "purchases [plaintiff made] through the Software." *See* Farnsworth Decl., Ex. A. As part of his disaffirmance of the underlying EULA, plaintiff necessarily also disaffirms—and voids—the in-game purchases, which only existed because of the 2017 EULA.

By voiding the in-game purchases, plaintiff erases the entire basis for his claims. Plaintiff cannot void the transactions with defendant and receive his refund while simultaneously maintaining causes of action that arise solely from those transactions. Because plaintiff's disaffirmance wipes out the entire basis for his claims, his amended complaint must be dismissed.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss for failure to state a claim [DE 55] is GRANTED. Plaintiff's amended complaint is DISMISSED. Defendant must refund plaintiff's purchases.

Defendant's prior motion to dismiss [DE 52] and consent motions left over from the previous court [DE 24, 30] are DENIED AS MOOT.

The Clerk is DIRECTED to close the case.

SO ORDERED, this **20** day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4